IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TABITHA RUSH                                                              PLAINTIFF

vs.                                    Civil No. 4:12-cv-04078

CAROLYN W. COLVIN
Commissioner, Social Security Administration                              DEFENDANT

## ORDER

Pending now before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C.

§ 406(b) (ECF No. 21), and her Amended Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b).

ECF No. 23.  Defendant responded to Plaintiff's Motion and the Amended Motion.  ECF Nos. 22 and

24.  This matter is now ripe for consideration.

**1.**     **Background**

On July 12, 2012, Plaintiff appealed to the Court from the Commissioner of the Social Security

Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On April 16, 2013,

Plaintiff's case was remanded to the SSA for further administrative review.  ECF Nos. 15.

After that remand, Plaintiff was awarded disability benefits.  ECF No. 23-1.  Of the amount

awarded, $17,266.00 was withheld as attorney's fees.  *Id.*  This amount was withheld pursuant to the

fee contract entered into between Plaintiff and Plaintiff's counsel.  *Id.*  With the current Amended

Motion, Plaintiff seeks this amount in attorney's fees.  ECF No. 23.

**2.**     **Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a

claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for

the representation of the claimant before the court.  This fee must not be in excess of 25 percent of the

total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be

taken out of the amount of the Plaintiff's past-due DIB.  *See id.*  However, a court is not authorized to award attorney's fees out of a claimant's past-due SSI.  *See id.; Bowen v. Galbreath,* 485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level.  *See* 42 U.S.C. § 406(b)(1).  It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts").  Instead, a plaintiff's attorney must petition the agency for these fees.  *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied.  *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002).  The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate.  *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded.  *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements."  *Id.*  The court is, however, required to review the reasonableness

of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

**3.    Discussion:**

The fact situation involving Plaintiff's case is somewhat complicated. Plaintiff filed this case on July 12, 2012, (ECF No. 1) and Matthew F. Golden, of Cochran and Golden, L.L.P., in Texarkana, Texas was serving as her attorney at the time and filed all of the documents with the Court on Plaintiff's behalf, including her appeal brief on November 19, 2012. ECF No. 11.

On April 16, 2013, this Court entered a final judgment reversing and remanding the case for further consideration. ECF No. 14-15. On May 2, 2013, Plaintiff, still represented by Mr. Golden, filed a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). ECF No. 16. In support of Plaintiff's request for EAJA fees, Mr. Golden provided a notarized affidavit stating that he had spent an estimated 20.90 hours before this Court, and a time sheet itemizing the tasks performed. ECF No. 17. On June 17, 2013, the Court entered an Order on Plaintiff's motion, awarding Plaintiff $3,762.00 in attorney's fees under the EAJA. ECF No. 20.

Following remand, on January 16, 2014, Plaintiff entered into an employment contract and fee agreement with attorney Michael C. Angel, whose practice, is located in Little Rock, Arkansas. ECF No. 23-2. According to an affidavit signed by Mr. Golden, Mr. Golden withdrew as Plaintiff's counsel and transferred his right to attorney's fees, if any, to Mr. Angel, including the right to recover attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 23-4.

In order to establish his eligibility for 406(b) fees, Mr. Angel provides an itemized statement showing he provided 21.40 hours of services before the Court. ECF No. 23-3. However, as previously noted, the docket sheet reflects Mr. Golden, not Mr. Angel, previously represented Plaintiff before this

3

Court and filed all of the documents on Plaintiff's behalf, including the request for attorney's fees under the EAJA as well as an affidavit claiming that he spent an estimated 20.90 hours before this Court and a time sheet itemizing the tasks he performed before this Court. ECF Nos. 1, 6, 11, 16, 17. Almost all of the tasks Mr. Angel now claims he performed before the Court are listed in Mr. Golden's itemized statement in support of his EAJA motion as tasks Mr. Golden performed before the Court. To explain this, Mr. Angel provides an affidavit stating Mr. Golden transferred all of his rights to attorney's fees, including any 406(b) fee rights, to Mr. Angel when Plaintiff hired Mr. Angel as her attorney. ECF No. 23-4.

Defendant raises the issue of whether Mr. Golden could properly transfer or assign his 406(b) fee rights to Mr. Angel such that Mr. Angel is entitled to claim 406(b) fees for services performed by Mr. Golden at the district court level. ECF No. 24. It appears the only court to discuss this issue has found such an assignment to be allowable. *See Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093 (N.D. Ill. 2005). I find the reasoning in the *Hodges-Williams* case to be persuasive. Therefore, this Court finds Mr. Golden could transfer or assign his 406(b) fee rights to Mr. Angel.

Based upon the itemized statement, Plaintiff's attorney spent 21.40 hours of work devoted to representing Plaintiff before the district court. ECF Nos. 23-3. Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to 25 percent of past-due benefits. *Id.* For work before the district court, this amount totals $17,266.00.

The total request of $17,266.00 divided by the total number of hours requested of 21.40 for work performed before the district court equals an hourly rate of approximately $806.82. Based upon the experience of Plaintiff's attorney and the contingency fee agreement between Plaintiff and her attorney, this Court finds $806.82 is a reasonable hourly rate. *See Gisbrecht,* 535 U.S. at 793. Therefore, the entire requested amount of $17,266.00 is awarded.

**4.**     **Conclusion:**

Pursuant to 42 U.S.C. § 406(b), the Court **GRANTS** Plaintiff's Amended Motion for Attorney Fees (ECF No. 23) and approves the requested attorney's fees award in the amount of 17,266.00.  This amount represents 21.40 court-related hours at an hourly rate of $806.82.  Further, the Court finds because Plaintiff's counsel did not receive any of the EAJA fee award in this case and that amount was instead diverted to satisfy Plaintiff's outstanding federal debts, Plaintiff's counsel is not directed to refund any of that EAJA award.  Finally, Plaintiff's  Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 21) is **DENIED AS MOOT.**

        **ENTERED this 8th day of June 2016.**

                                                    /s/   Barry A. Bryant
                                                    HON. BARRY A. BRYANT
                                                    U.S. MAGISTRATE JUDGE